UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIVION FRAVIEN, also known as VIVIENNE FRAVIEN,<br><br>Plaintiff,<br><br>v.<br><br>TUFTS MEDICAL CENTER,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*       Civil Action No. 25-13633-ADB<br>*<br>*<br>*<br>*<br>* |

ORDER

BURROUGHS, D.J.

    Pro se plaintiff Vivion Fravien has filed a complaint against Tufts Medical Center ("Tufts"), alleging that, while she was at the facility on November 28 and 29, 2025, she was "physically assaulted by a Tufts security guard" named "Christopher," her property was stolen, Tufts staff attempted to kidnap her, and she was falsely imprisoned in a hospital room. [ECF No. 1 at 4]. In addition to seeking damages, Fravien "ask[s] the court to please have Christopher and the other security [sic] arrested and held as an assault," and "seek[s] a restraining order to prevent retaliation from Christopher," three other security officers, "and their families." [ECF No. 1-1 at 3, 4]. In a separate motion, Fravien asks that the Court enter a temporary restraining order against Christopher. [ECF No. 2 at 1]. Fravien asserts: "As I sue, I need protection from this and his co-workers who refused to give their names." [Id.].

    The Court must deny Fravien's motion for a restraining order. As a threshold issue, the Court cannot issue an injunction against a person who is not a party to an action, and the complaint does not identify Chrisotpher as a defendant. Even if Fravien had named Christopher as a defendant, the Court would still deny the motion. A federal district court cannot issue a

2

temporary restraining order without notice to the adverse party (or to their attorney) unless the plaintiff alleges "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the [plaintiff] before the [defendant] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In this case, Fravien has not alleged that any "immediate and irreparable" harm would occur before a defendant could be heard in opposition to the motion.

Accordingly, the motion for temporary restraining order [ECF No. 2] is DENIED.

IT IS SO ORDERED.


December 8, 2025                          /s/ Allison D. Burroughs
                                          ALLISON D. BURROUGHS
                                          U.S. DISTRICT JUDGE