UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VIVIAN FRAVIEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 25-13633-ADB |
| | * | |
| TUFTS MEDICAL CENTER, | * | |
| | * | |
| Defendant. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

*Pro se* plaintiff Vivian Fravien has filed a complaint concerning her interaction with

medical professionals and security officers at Tufts Medical Center.  She has also filed a motion

for leave to proceed *in forma pauperis* [ECF No. 3] and a motion to vacate the Court's earlier

order denying a motion for a temporary restraining order [ECF No. 7].  For the reasons set forth

below, the Court will GRANT the motion for leave to proceed *in forma pauperis*, direct Fravien

to file an amended complaint if she wishes to pursue this action, and deny the motion to vacate.

**I.      Motion for Leave to Proceed *in Forma Pauperis***

Upon review of Fravien's motion for leave to proceed *in forma pauperis* [ECF No. 3], the

Court GRANTS the same.

**II.      Review of the Complaint**

Because Fravien is proceeding *in forma pauperis*, her complaint is subject to a

preliminary screening.  Under federal law, the Court may dismiss the complaint of a plaintiff

proceeding *in forma pauperis* if the claims in the pleading are malicious or frivolous, fail to state

a claim upon which relief may be granted, or seek monetary damages against a party that is

immune from such relief. See 28 U.S.C. § 1915(e)(2). Further, a court has an obligation to inquire *sua sponte* into its own jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). In conducting this review, the Court liberally construes Fravien's pleading because she is proceeding *pro se*. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### A.    Complaint

According to Fravien, on November 28, 2025, she sought medical care at Tufts Medical Center. Medical staff took her vital signs but refused to conduct a more thorough examination. In the early hours of November 29, Fravien was discharged. While she was waiting to obtain the phone number to contact patient relations or to speak to a supervisor, she was physically assaulted by a Tufts security guard" named "Christopher," her property was stolen, Tufts security staff attempted to kidnap her to prevent her from recording events, and she was falsely imprisoned in a hospital room. [ECF Nos. 1, 1-1].[1]

Fravien states that she is suing Tufts under the American with Disabilities Act, Title VI of the Civil Rights of Act of 1964, Section 1557 of the Affordable Care Act, and state law. [ECF No. 1-1 at 3-4]. Fravien also states she is suing the "Security team" for "Violations of Amendment 4," and state law. Id. at 4.

### B.    Discussion

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." Badgerow v. Walters, 596 U.S. 1, 7 (2022). Congress has granted federal district courts jurisdiction over two main kinds of cases: those arising under federal law, see 28 U.S.C. § 1331, and those where parties are "citizens" of different states and more than $75,000 is at stake, see 28 U.S.C. § 1332. When a federal district court has original

---

[1] The Court briefly summarizes the allegations most pertinent to this order.

subject matter jurisdiction over an action pursuant to § 1331 or § 1332, it may exercise supplemental jurisdiction over any other claims in the action that are part of "the same case or controversy."  28 U.S.C. § 1367(a).

Here, Fravien invokes the Court's federal question jurisdiction.  [ECF No. 1 at 3].  She brings claims under three federal statutes which include prohibitions on discrimination based on disability.  Title VI of the Civil Rights Act of 1964 provides that, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  Section 1557 of the Affordable Care Act, codified at 42 U.S.C. § 18116, extends Title IV's prohibition of discrimination to "any health program or activity, any part of which is receiving Federal financial assistance."  42 U.S.C. § 18116(a).  Title III of the ADA prohibits discrimination based on  disability by private entities that provide "public accommodations."  See 42 U.S.C. § 12182 (a).  However, Fravien has failed to allege any facts which, treated as true, suggest that Tufts Medical Center discriminated against Fravien on the basis of disability.

Fravien also brings a claim for a violation of the Fourth Amendment to the United States Constitution, which provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.  However, the Fourth Amendment restricts the conduct of the government—it does not apply to purely private action.  See Skinner v. Ry. Lab. Executives' Ass'n, 489 U.S. 602, 613–14 (1989) ("The [Fourth] Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the Government or those acting at their direction. . . . [I]t does not apply to a search or seizure, even an arbitrary one, effected by

a private party on his own initiative."); cf. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 278 (1993) (stating that a "burglar does not violate the Fourth Amendment").  Here, Fravien does not allege that a government actor subjected her to an unreasonable search or seizure.

### C.    Filing of an Amended Complaint

If Fravien wishes to prosecute her claims against Tufts Medical Center in this Court, she must file an amended complaint in which she adequately pleads at least one claim over which the Court may exercise its subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity subject matter jurisdiction).[2]

The amended complaint must be titled "amended complaint" and include the case number for this action.  The pleading must contain a "short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)-(3).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Fravien must state her claims "in numbered paragraphs, each limited as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

The amended complaint will completely replace the original complaint.  See Newman v. Lehman Brothers Holdings, Inc., 901 F.3d 19, 27 n.8 (1st Cir. 2018) ("An amended complaint, once filed, normally supersedes the antecedent complaint.  Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case." (quoting Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (citations omitted))).  Thus, Fravien must include

---

[2] The Court notes that, for purposes of diversity subject matter jurisdiction, "a person is a citizen of the state in which he is domiciled," Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008), and a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

her amended complaint any claims (including relevant factual allegations) she wishes to be part of the operative complaint—even those already set forth in her original complaint.

Fravien prepared her original complaint using a form provided by the Administrative Office of the United States Courts for the convenience of pro se litigants.  If Fravien elects to use this form to file an amended complaint, she may do so.  She will need to add additional pages to the form to adequately complete Section III, titled "Statement of the Claim."  In this section, the litigant is directed to:  "State how each defendant was involved and what each defendant did that caused the plaintiff harm, including dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed."

### III.    Motion to Vacate

With her complaint, Fravien filed a motion for a temporary restraining order against a Tufts Medical Center security guard named "Christopher," stating that she needed "protection from this and his co-workers who refused to give their names."  [ECF No. 2 at 1].  The Court denied the motion without prejudice because (1) Christopher is not a party to this action; and (2) Fravien did clearly show that immediate and irreparable injury would result to Fravien before the defendant could be heard in opposition to the motion.  [ECF No. 5].

In her recent motion to vacate this order, Fravien argues that, under Massachusetts statutory law, Mass. Gen. Laws chs. 209A and 258E, a protective order may be issued based on a single incident of harassment.  [ECF No. 7].  The motion is DENIED for the reasons set forth in the Court's denial of the original motion.  Further, the motion to vacate does not set forth a basis for a federal court to grant relief pursuant to the state law provisions cited.

**IV.    Conclusion**

1.    The motion for leave to proceed *in forma pauperis* [ECF No. 3] is GRANTED.

2.    If Fravien wishes to pursue this action, she must, within thirty (30) days, file an amended complaint in which she adequately states at least one claim over which the Court may exercise its subject matter jurisdiction pursuant to 28 U.S.C. § 1331 or § 1332.  Failure to do so will result in dismissal of this action without prejudice.

3.    The motion to vacate [ECF No. 7] is DENIED.

IT IS SO ORDERED.


April 8, 2026                                       /s/ Allison D. Burroughs
                                                   ALLISON D. BURROUGHS
                                                   U.S. DISTRICT JUDGE